UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG and NATALEE LEWIS YOUNG,

Plaintiffs,

v.

CAPE MAY COUNTY, et al.,

Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 11-5353
(JEI/AMD)

**OPINION**

**APPEARANCES:**

KANE & ASSOCIATES
By: David Kane, Esq.
1500 Walnut Street, Suite 700
Philadelphia, PA 19102
	Counsel for Plaintiffs

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Matthew J. Behr, Esq.
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
	Counsel for Defendants

**IRENAS**, Senior District Judge:

Plaintiffs Craig and Natalee Lewis Young (collectively "Plaintiffs") initiated this action pursuant to 42 U.S.C. § 1983 to recover for alleged constitutional violations stemming from Craig Young's conviction and subsequent incarceration for distribution of cocaine.[1]  Pending before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1]  The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

1

**I.**

On February 21, 2007, Defendant Detective McLaughlin of the Cape May County Prosecutor's Office received a telephone call from "RB" stating that he could arrange a drug transaction. (Compl. ¶ 18.)  On that same date, Plaintiff Craig Young (hereinafter "Young") went to the apartment of RB located in Rio Grande, New Jersey, to allegedly collect money owed to him.  (*Id.* ¶ 20.)  According to the Complaint, Young collected $80.00 from RB and left.[2]  (*Id.* ¶ 21.)

On June 20, 2007, Detectives from the Cape May County Prosecutor's Office filed a criminal complaint and affidavit of probable cause for an arrest warrant, asserting that Young had committed the crime of knowingly and purposely distributing or possessing cocaine with the intent to distribute.  (*Id.* ¶ 27.)

On July 15, 2007, Young was arrested on a warrant for possession and distribution of cocaine stemming from his February 21, 2007 visit to RB's apartment.  (*Id.* ¶ 22.)  The affidavit in support of the warrant allegedly stated that information was received from a confidential informant identified as RB that

---

[2]  This version of events as detailed in the Complaint differs from the events as described in Young's criminal trial. *See State v. Young*, 2010 WL 1752597 (N.J. Super. Ct. App. Div. May 4, 2010).  According to the criminal record, Detective McLaughlin was at RB's Rio Grande apartment when Young arrived and McLaughlin sought to purchase an ounce of cocaine from Young. *Id.* at *1.  Young agreed to the sale and sold the drugs for $150 before leaving the apartment.  *Id.*

Young came to the Rio Grande apartment to sell drugs.  (*Id.* ¶ 23.)  The Complaint alleges that Defendant Detectives McLaughlin and Skill knew that RB was not a confidential informant and knew that Young did not sell drugs to RB. (*Id.* ¶¶ 24-25.) The Complaint further alleges that Defendant McLaughlin verified on the warrant and later testified at Young's criminal trial that he met Young at the Rio Grande apartment, which he knew to be a falsehood.  (*Id.* ¶ 26.)

Young was indicted and charged with third degree distribution of a controlled dangerous substance. (*Id.* ¶ 31.) Young was detained at the county jail, unable to post the $25,000 bail.  (*Id.* ¶ 30.)  From May 19, 2008 through May 21, 2008, a jury trial was held before the Honorable Raymond Batten and Young was found guilty.  (*Id.* ¶ 32.)  The Complaint alleges that Defendants McLaughlin and Skill fabricated their testimony and that Defendant Assistant Prosecutor Saverio Carrocia withheld evidence.  (*Id.* ¶ 32.)  On July 25, 2008, Young was sentenced to eight years of incarceration with four years of parole ineligibility.  (*Id.* ¶ 33.)

On May 4, 2010, the Superior Court of New Jersey, Appellate Division, overturned Young's conviction and ordered a new trial.[3]

---

[3] The New Jersey Appellate Division found that a new trial was warranted because (1) the identity of the confidential informant was not disclosed prior to trial, (2) hearsay regarding statements made to Detectives by the confidential informant was

(*Id.* ¶ 36.)  Defendant Cape May County Office of the Prosecutor elected not to retry Young.  (*Id.* ¶ 37.)  On June 11, 2010, Young was released from jail.  (*Id.* ¶ 38.)  The charges against Young were formally withdrawn on September 24, 2010.  (*Id.* ¶ 39.)

On September 16, 2011, Plaintiffs filed a Complaint in the instant action.[4]  On February 15, 2010, Defendants filed a Motion to Dismiss the Complaint.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable

---

admitted, and (3) improper propensity evidence concerning Young's prior illegal drug sales was admitted.  *State v. Young*, 2010 WL 1752597, at *5-7, *10 (N.J. Super. Ct. App. Div. May 4, 2010).

[4]  Craig Young's wife, Natalee Lewis Young, is also named as a Plaintiff in this action.  With respect to Natalee Lewis Young, the Complaint asserts that "Mr. Young, his wife and family, and close associates . . . have experienced fear of continuing police surveillance and harassment, preventing Mr. Young from fully exercising his associational rights and his rights to life, liberty and the pursuit of happiness."  (Compl. ¶ 57.)  However, the Complaint fails to identify any harm suffered by Natalee Lewis Young and she asserts no claims against any Defendant.

to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Defendants move to dismiss the Complaint arguing that Plaintiffs cannot make out a prima facie claim for any alleged

constitutional or common law violation.  Among other things, Defendants argue that they are protected by sovereign and prosecutorial immunity and that Young cannot demonstrate the absence of probable cause or establish a favorable termination in his criminal case.

The Complaint asserts a litany of constitutional and common law claims against a number of Defendants, including Cape May County, Cape May County Office of the Prosecutor and several of its employees, and a number of Cape May County Detectives.[5] However, the gravamen of the Complaint is that Defendants McLaughlin and Skill allegedly made statements they knew to be false on the affidavit in support of the arrest warrant and again at Craig Young's trial.

With respect to the claims that Defendants McLaughlin and Skill allegedly made false statements during Young's criminal trial, Defendants are protected by prosecutorial immunity.  It is well settled that individual prosecutors are entitled to absolute immunity from section 1983 liability for actions performed pursuant to their judicial or quasi-judicial function as advocates of the state.  *Van de Kamp v. Goldstein*, 555 U.S. 335,

---

[5]   The Complaint names the following members of the Cape May County Office of the Prosecutor:  Robert Taylor, Prosecutor; J. David Meyer, First Assistant Prosecutor; Robert Johnson, Sr., Chief Assistant Prosecutor; Saverio M. Carrocia, Assistant Prosecutor.  The Cape May County Detectives include: Eugene Taylor, Lynne Frame, Ken Super, Michael Emmer, Kevin McLaughlin, and Paul Skill.

343 (2009).  Moreover, prosecutors involved in training and
supervisory activities are entitled to absolute immunity because
these activities are directly connected with the conduct of
trial.  *Id.* at 344.  Likewise, officers who testify in criminal
trials enjoy absolute immunity for false testimony.  *See Briscoe
v. LaHue*, 460 U.S. 325, 330-46 (1983); *Kulwicki v. Dawson*, 969
F.2d 1454, 1467 (3d Cir. 1992).  Thus, the claims arising out of
Defendants' participation in Young's criminal trial must fail
because Defendants are entitled to absolute immunity.[6]

The claims related to Defendants McLaughlin and Skill's
alleged false statements on the affidavit in support of Young's
arrest warrant must also fail because Young cannot establish the
absence of probable cause for his arrest or the favorable
termination element of his malicious prosecution claim.  To
succeed on § 1983 claims where an arrest is made pursuant to a
warrant, a plaintiff must show "(1) that the police officer
knowingly and deliberately, or with reckless disregard for the
truth, made false statements or omissions that create a falsehood
in applying for a warrant, and (2) that such statements or
omissions are material, or necessary, to the finding of probable

---

[6] The Court also notes that the Cape May County Office of
the Prosecutor is not a "person" within the meaning of § 1983.
*See Briggs v. Moore*, 251 Fed. Appx. 77, 79 (3d Cir. October 16,
2007).

7

cause."[7]  *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)(internal quotations and citation omitted).  An omission in the warrant application is made with reckless disregard for the truth when an officer withholds a fact that a reasonable person would have known was the kind of thing the judge would want to know.  *Id.* at 788.  An assertion is made with reckless disregard for the truth "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported."  *Id.* (internal quotations and citation omitted).

There are no facts to support the conclusory allegation that Defendants McLaughlin and Skill made false statements about RB's identity as a confidential informant, and the record in Young's criminal case as detailed by the New Jersey Appellate Division belies this allegation.  *See generally State v. Young*, 2010 WL 1752597 (N.J. Super. Ct. App. Div. May 4, 2010)(repeatedly identifying RB as the confidential informant).  There is simply no indication in the criminal record that Defendants McLaughlin and Skill lied about RB's identity as a confidential informant, or that Young had even raised this issue prior to initiating this action three and half years after his criminal conviction.

---

[7] Probable cause sufficient to support the issuance of a warrant exists where, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

A § 1983 malicious prosecution plaintiff "must be innocent of the crime charged in the underlying prosecution." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)(quoting *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000)).  This so called "favorable termination" element requires an examination of the entire criminal proceedings to determine if the judgment indicates "the plaintiff's innocence of the alleged misconduct underlying the offenses charged." *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009)(en banc).  Here, the Appellate Division reversed the judgment and remanded for a new trial due to evidentiary errors, a disposition that does not reflect the innocence of Young.  *See supra* note 3.  While the Prosecutor's Office formally withdrew the charges following remand from the Appellate Division, this decision also does not reflect Young's innocence of the underlying charge, but rather could be a reasoned exercise of prosecutorial discretion on how to use limited judicial resources.  *See Donohue v. Gavin*, 280 F.3d 371, 383-84 (3d Cir. 2002)(holding that favorable termination element cannot be met where new trial was ordered due to failure of trial judge to give proper charge to jury and prosecutor subsequently entered *nolle prosequi*).

The Complaint also assert claims for excessive force, abuse of process, equal protection, conspiracy, assault and battery,

intentional infliction of emotional distress and negligence.[8]
However, the circumstances underlying this action do not support
such claims.  There are simply no allegations whatsoever of
excessive force, the denial of equal of protection, a conspiracy
to violate Young's rights, the use of legal process for some
illegitimate purpose, or that Defendants acted maliciously for a
purpose other than justice.  Accordingly, Defendants' Motion to
Dismiss these claims will be granted.

## IV.

For the reasons stated above, Defendants' Motion to Dismiss
the Complaint will be granted in full.  An appropriate Order
accompanies this Opinion.

Dated:  August 13, 2012

s/Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**

---

[8] The Complaint also asserts a claim for substantive due
process.  Such a claim is inappropriate here where the claims are
covered by the Fourth Amendment.  *See County of Sacramento v.
Lewis*, 523 U.S. 833, 834-44 (1998)("if a constitutional claim is
covered by a specific constitutional provision . . . the claim
must be analyzed under the standard appropriate to that specific
provision, not under the rubric of substantive due process.").